# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA GREENWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| FCA US LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes Now, Plaintiff, LINDA GREENWOOD, by counsel, **TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**, and for her Complaint against Defendant, FCA US LLC (hereinafter, "FCA") respectfully states as follows:

### I. BASIS FOR FEDERAL JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges the citizenship of all parties in paragraphs 3-4 below and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the incident that is the subject of this Complaint took place in Boone County, Illinois, which is within the Northern District of Illinois.

### II. THE PARTIES

3. Plaintiff is a citizen and resident of the State of Illinois.

4. Defendant, FCA formerly known as Chrysler Group, LLC, is a Delaware limited liability company with a principal place of business in Auburn Hills, Michigan. It

has one member, Stellantis NV, a company organized and existing under the laws of The Netherlands with a principal place of business in Amsterdam, Netherlands. FCA does not have any member located in Illinois, where Plaintiff is a citizen. Thus, FCA is not a citizen of Illinois.

### III. GENERAL ALLEGATIONS

5. On October 18, 2018, Plaintiff attended a health fair event at FCA's Belvidere Assembly Plant located at 3000 W. Chrysler Drive in Belvidere, Illinois (hereinafter, "premises").

6. On October 18, 2018, Plaintiff was a lawful entrant on the premises.

7. On October 18, 2018, an unknown employee and/or agent of FCA and/or Staywell (hereinafter, "John Doe") was operating a golf cart that Plaintiff was a passenger on.

8. During the ride, John Doe hit a large speed bump causing Plaintiff to suffer severe, catastrophic and permanent injuries.

9. At all relevant times herein, John Doe was an employee and/or agent of FCA, utilizing FCA's equipment, acting at the direction and control of FCA and/or for FCA's benefit, and acting within the course and scope of his employment and/or agency relationship with FCA.

10. Plaintiff previously and timely filed her initial Complaint regarding the occurrence in question on October 10, 2019, naming FCA US LLC (*See* Case No. 1:19-cv-06728, Doc. No. 1).

11. On April 5, 2021, this Court dismissed Case No. 1:19-cv-062728 without prejudice for want of subject matter jurisdiction. (See Case No. 1:19-cv-06728, Doc. No. 39).

12. Pursuant to the Illinois savings statute, Plaintiff now timely re-files her cause of action related to the October 18, 2018 occurrence. *See* 735 ILCS 5/13-217; *Fraser v. Rodriguez-Espinoza*, No. 14 CV 1046, 2014 WL 4783095, *4 (N.D. Ill. Sept. 24, 2014).

## IV. CAUSES OF ACTION

*COUNT I-NEGLIGENCE-FCA US LLC*

13. Plaintiff incorporates fully, by reference herein, the allegations set forth in Paragraph Nos. 1-12 of this Complaint.

14. On and before October 18, 2018, FCA and its agents and employees owed Plaintiff, and other similarly situated individuals, a duty to use reasonable care in the hiring, training and retention of golf cart operators and in the maintenance and operation of its golf carts.

15. On and before October 18, 2018, FCA and John Doe, breached their duties of care and were negligent in one or more of the following ways:

(a) Failed to ensure that John Doe was competent to operate a golf cart safely;

(b) Failed to maintain the golf cart in safe operating condition;

(c) Operated the golf cart at an unreasonable speed;

(d) Failed to keep a proper lookout when operating the golf cart;

(e) Failed to reduce the speed of the golf cart to account for various environmental circumstances, including but not limited to speed bumps;

(f) Permitted the golf cart to remain in service despite the golf cart not being in proper operating condition; and/or

(g) Failed to provide any warning to Plaintiff and other passengers as to the terrain that the golf cart was traveling over and the dangers associated therewith;

16. As the direct and proximate result of FCA and John Doe's negligence, Plaintiff's head and spine moved in violent fashion when the golf cart hit the speed bump, which caused her to suffer serious and catastrophic injuries.

17. As a direct and proximate result of the foregoing occurrence, Plaintiff sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; loss of time, wage loss, impairment of earnings capacity, disability, disfigurement and other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LINDA GREENWOOD, respectfully seeks judgment in her favor and against, Defendant, FCA US LLC, for compensatory damages in an amount to be determined by this action, for costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### V. JURY DEMAND

28. Plaintiff demands trial by jury on her Complaint.

Respectfully submitted,

By: /s/Chester L. Cameron, Jr.
Attorney for Plaintiff

Chester L. Cameron, Jr.
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**
225 W. Wacker Dr., Suite 1650
Chicago, Illinois 60606
Telephone: (312) 586-1700
Fax: (312) 586-1701
E-mail: ccameron@tpmblegal.com